**Mohammed AIYUB, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–72241, 05–73603.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

Lizbeth A. Galdamez, Esq., Law Offices of Michael P. Karr & Associates, Sacramento, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marie K. McElderry, Esq., Mark L. Gross,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esq., DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Mohammed Aiyub, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal, and for review of the BIA's order denying his motion to reopen for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum, *Gafoor v. INS,* 231 F.3d 645, 650 (9th Cir.2000), and we grant petition for review no. 04–72241, and dismiss petition for review no. 05–73603.

■ The IJ found that Aiyub did not establish that he was victimized on account of his Indo–Fijian ethnicity rather than because he was driving a taxi during various periods of civil strife. However, taking Aiyub's testimony as true, his native Fijian attackers made repeated racial and ethnic slurs against him when they attacked him and his property, the native Fijian police did not investigate any of the incidents, and after he had been beaten and carjacked by native Fijian robbers, the native Fijian police told him that "you Indians are complaining for nothing." Aiyub therefore presented circumstantial evidence that the native Fijian attackers and police were motivated, at least in part, by his race or ethnicity. *See id.* at 651–52.

The IJ's conclusion is not supported by substantial evidence and we grant petition for review no. 04–72241, and remand for further proceedings consistent with this disposition.

■ We lack jurisdiction to review Aiyub's contention that the BIA abused its discretion when it failed to exercise its sua sponte authority to reopen proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002) ("[W]e hold that we do not have jurisdiction to review the Ekimians' claim that the BIA should have exercised its sua sponte power.").

We deny Aiyub's motion to supplement the certified record.

**PETITION FOR REVIEW NO. 04–72241 GRANTED and REMANDED.**

**PETITION FOR REVIEW NO. 05–73603 DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.